UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NEHER,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT DAVIS, et al.,<br><br>    Defendants. | No. 2:25-cv-00482-DC-CSK (PS)<br><br>ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

This matter is before the court on Plaintiff Timothy Neher's *pro se* motion for a temporary restraining order, specifically an order staying the execution of a writ of possession issued by the Butte County Superior Court. (Doc. No. 3.) The court did not find it appropriate to set the motion for a hearing pursuant to Local Rule 231(c). For the reasons explained below, the court will deny Plaintiff's motion.

**BACKGROUND**

In support of his pending motion, Plaintiff attaches as an exhibit a commercial lease agreement that he entered into with landlords Defendants Scott Davis and Terry Davis dated May 4, 2023, to rent 3238 Highway 32, Units 1–3 Chico, California 95973 ("the Property"). (Doc. No. 3 at 35–40.) Plaintiff alleges that sometime after he took possession of the Property, Defendant Terry Davis allowed him to make modifications to the Property including the division of Units 1– 3. (*Id*. at 22, 26–27, 60, 71.) Plaintiff alleges he invested over $30,000 in modifications of the

1

1  Property and Defendant Terry regularly inspected the Property and approved the modifications.
2  (*Id*. at 22, 27–28, 48.)

3      In September 2024, Defendant Terry Davis served on non-parties Jesse Neher and Vintage
4  Steel Speed, LLC ("Vintage"), a three-day notice to pay rent or quit. (*Id*. at 50–51.) Plaintiff
5  alleges he is the lawful tenant of the Property, not Vintage, which he contends is a "non-existent
6  entity." (*Id*. at 3.) On October 11, 2024, Defendants filed an unlawful detainer complaint against
7  Jesse Neher and Vintage in the Butte County Superior Court. (*Id*. at 13.) In support of their
8  unlawful detainer complaint, Defendants attached a purported lease agreement they had with
9  Vintage listing only Unit 2 as the address of the Property. (*Id*. at 42, 56.) On December 12, 2024,
10  the Butte County Superior Court entered a default judgment and writ of possession against Jesse
11  Neher and Vintage for Unit 2 of the Property. (*Id*. at 25, 65.)

12      On January 29, 2025, Defendants filed an *ex parte* application in the Butte County
13  Superior Court to amend the default judgment and writ of possession to include Units 1, 2, and 3
14  of the Property. (*Id*. at 56–58.) On January 30, 2025, the Butte County Superior Court granted
15  Defendants' *ex parte* application to amend the default judgment and writ of possession. (*Id*. at
16  22.) On or about February 4, 2025, Plaintiff was served with the amended writ of possession and
17  notice to vacate the Property by February 12, 2025, at 6:01 a.m. from the Butte County Sheriff's
18  Office. (*Id*. at 3, 16.)

19      On February 6, 2025, Plaintiff filed an *ex parte* application in the Butte County Superior
20  Court for leave to intervene, for a stay of eviction, and to challenge the default judgment and writ
21  of possession. (*Id*. at 21–31.) In his application, Plaintiff argued, among other things, that he was
22  the sole tenant of the Property, he had not been properly served, and Defendants had misled the
23  court. (*Id*.) That same day, the Butte County Superior Court denied Plaintiff's *ex parte* application
24  finding Plaintiff lacked standing and his application failed to meet the requirements of California
25  Code of Civil Procedure section 473 and California Rule of Court 3.1200, *et seq*. (*Id*. at 10.)

26      On February 7, 2025, Plaintiff initiated this federal court action by filing a "petition for
27  writ of stay of execution of writ of possession" against Defendants. (Doc. No. 1.) That same day,
28  Plaintiff filed a motion for a temporary restraining order seeking an immediate stay of the writ of

2

possession issued by the Butte County Superior Court in proceeding No. 24UD03432.[1] (Doc. No. 3.)

## LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard for a temporary restraining order is "substantially identical" to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor under *Winter* is the most important," to the extent the court need not consider the remaining three elements where a plaintiff fails to show a likelihood of success on the merits." *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (citations omitted).

Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1135).

## DISCUSSION

The court is unable to grant the relief Plaintiff requests in his motion for a temporary restraining order for several reasons.

As a preliminary matter, Plaintiff has not satisfied the requirements of the Federal Rule of

---

[1] Plaintiff's motion for a temporary restraining order appears to be a copy of the petition he filed in Case No. 24UD03432, with minor handwritten edits. (*See* Doc. Nos. 1; 3.)

3

1  Civil Procedure and this court's local rule governing applications for temporary restraining
2  orders. Under Federal Rule 65(b)(1), a court may issue a temporary restraining order without
3  written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Similarly, this court's local rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary circumstances." Local Rule 231(a).

Plaintiff contends he provided actual notice of his motion to Defendants. (Doc. No. 3-1 at 1.) In support of his contention, Plaintiff attached to his motion a certificate of service signed by non-party Wyatt Neher. (Doc. No. 3 at 7–8.) Therein, Wyatt Neher certifies that he provided notice of the petition for writ of stay of execution of writ of possession by calling the office of Defendants' attorney on February 5, 2025, and served the petition on Defendants' attorney the following day. (Doc. No. 3 at 7.)

The court finds Plaintiff's motion is procedurally deficient for the following reasons. First, Plaintiff did not provide a sworn statement of his efforts to provide actual notice to Defendants. The certificate of service from Wyatt Neher, a non-litigant in this action, is insufficient. Second, the certificate only notes that Defendants were provided actual notice of the petition for writ of stay of execution of writ of possession. (*Id.*) The certificate fails to indicate Defendants were provided actual notice of Plaintiff's separately filed motion for temporary restraining.

Courts regularly deny temporary restraining orders for failing to comply with the requirements of Rule 65(b)(1) and the local rules, including those sought by *pro se* plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an *ex parte* [temporary restraining order]"); *Nible v. Macomber*, No. 24-cv-01259-DJC-CSK, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by a *pro se* plaintiff as procedurally

4

1  deficient); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012)
2  ("Denial of a motion as the result of a failure to comply with local rules is well within a district
3  court's discretion."). Accordingly, the court will deny Plaintiff's motion as procedurally deficient.
4      Next, the court finds Plaintiff has not demonstrated that this court has jurisdiction over
5  this case. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of*
6  *Am.*, 511 U.S. 375, 377 (1994). As such, they "have an independent obligation to ensure that they
7  do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S.
8  428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that
9  district courts are "obligated to consider *sua sponte* whether [they] have subject matter
10 jurisdiction"). The presumption is against jurisdiction, and "the burden of establishing the
11 contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.
12     In his petition, Plaintiff asserts this court "has jurisdiction over this matter pursuant to 28
13 U.S.C. § 1331, as the [p]etition raises federal questions, including procedural due process
14 violations under the Fourteenth Amendment." (Doc. No. 1 at 2.) However, there is a threshold
15 issue with his constitutional claim, namely, he asserts this claim against private actors—i.e.
16 persons who are not government or state actors. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922,
17 930 (1982) (holding "the Due Process Clause protects individuals only from governmental and
18 not from private action"); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (reaffirming
19 that "the Fourteenth Amendment offers no shield" against "private conduct, however
20 discriminatory or wrongful"). "Individuals bringing actions against private parties for
21 infringement of their constitutional rights . . . must show that the private parties' infringement
22 somehow constitutes state action. *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th
23 Cir. 1996) (per curiam) (citations omitted).
24     Here, Plaintiff does not allege Defendants engaged in state action. Instead, Plaintiff's
25 claims against Defendants revolve around Defendants' filing and subsequent litigation of an
26 unlawful detainer action in state courts. Federal courts have consistently held a private party's
27 pursuit of state court unlawful detainer proceedings does not constitute state action. *See Hoffman*
28 *v. Indymac Bank FSB,* No. 10-cv-00802-MMC, 2010 WL 3463641, at *3 (N.D. Cal. Aug. 31,

1  2010) (noting that the filing of an unlawful detainer action, as a matter of law, does not constitute
2  state action); *Muhammad v. McIntosh*, No. 12-cv-07162-VAP-MLG, 2012 WL 6853197, at *3
3  (C.D. Cal. Dec. 4, 2012), adopted 2013 WL 146303 (C.D. Cal. Jan. 14, 2013) (finding a building
4  manager who allegedly signed a perjured unlawful detainer complaint was not a state actor);
5  *Ohno v. Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013) (finding private actors do not become state
6  actors merely by engaging in litigation in state court). Thus, the court finds Plaintiff's allegations
7  are insufficient to state a cognizable federal claim against Defendants. Consequently, Plaintiff has
8  failed to adequately allege this court has subject matter jurisdiction based on federal question.

9  Additionally, the court finds it lacks jurisdiction to consider Plaintiff's request to stay the
10 writ of possession issued by the Butte County Superior Court under the doctrine of *Colorado*
11 *River Water Conservation District v. United States*, 424 U.S. 800 (1976). Under *Colorado River*,
12 "whether either the state or federal court has exercised jurisdiction over a res" is dispositive. *See*
13 *Williamson v. Sacramento Mortg., Inc.*, No. 10-cv-02600-KJM-DAD, 2011, WL 5511660, at *3
14 (E.D. Cal. Nov. 10, 2011) (finding abstention under *Colorado River* appropriate in an unlawful
15 detainer action because the state court had already "assum[ed] custody of the property"); *see also*
16 *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (finding the district
17 court was required to stay a quiet title action where there was a concurrent quiet title action that
18 had been filed first in state court) (citing *Colorado River*, 424 U.S. at 819). "The forum first
19 assuming custody of the property at issue has exclusive jurisdiction to proceed." *Id*. at 589 (citing
20 *Colorado River*, 424 U.S. at 819).

21 Here, it is evident that Plaintiff's request for relief is an attempt to interfere with the Butte
22 County Superior Court's order in case No. 24UD03432. Because the unlawful detainer action was
23 filed in state court prior to the initiation of this federal court action and both actions involve
24 precisely the same property, the court is required to abstain from exercising jurisdiction. *See*
25 *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (abstaining
26 from interfering with state unlawful-detainer action); *Pearson v. Loancare, LLC*, No. 23-cv-
27 03882-DSF-MRW, 2023 WL 4317196, at *1 (C.D. May 31, 2023) (finding under *Colorado River*
28 that "[r]egardless of the underlying merits, the Court may not halt the state court eviction

1 proceedings").

2 Further, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this court from enjoining the enforcement of the Butte County Superior Court's unlawful detainer judgment. *See Smith v. ReconTrust Co. N.A.*, No. 13-cv-00372-JST-MLG, 2013 WL 12120068, at *1 (C.D. Cal. Mar. 4, 2013) (finding that under *Colorado River* and 28 U.S.C. § 2283, "whether the unlawful-detainer action is ongoing or not, the Court cannot enjoin the lock-out-set for today"). "Numerous district courts in California have found that the Anti-Injunction Act prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." *Gray v. Bakersfield Parks, LP*, No. 16-cv-01860-LJO-JLT, 2016 WL 7229112, at *2 (E.D. Cal. Dec. 13, 2016) (citing collected cases). There are statutory exceptions to the Anti-Injunction Act. *See Pearson*, 2023 WL 4317196, at *2 (noting the Anti-Injunction Act "prohibits a court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate [the court's] judgments'") (citing 28 U.S.C. § 2283). None of the statutory exceptions in the Anti-Injunction Act apply here.

Because Plaintiff has not demonstrated this court has jurisdiction, Plaintiff cannot show a likelihood of success on the merits or that his motion raises serious questions on the merits of his claims. Accordingly, for the reasons set forth above, the court will deny Plaintiff's motion for a temporary restraining order. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a), the court will refer this matter to the assigned magistrate judge for further proceedings.

/////
/////
/////
/////
/////
/////
/////
/////

**CONCLUSION**

For the reasons explained above,

1. Plaintiff Timothy Neher's motion for temporary restraining order (Doc. No. 3) is DENIED; and

2. This matter is referred to the assigned magistrate judge for further proceedings.


IT IS SO ORDERED.

Dated:  **February 10, 2025**   _____
Dena Coggins
United States District Judge

8