UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NEHER, | No. 2:25-cv-00482-DC-CSK |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S RENEWED *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION |
| SCOTT DAVIS, et al. | |
| Defendants. | |
| | (Doc. No. 5) |

This matter is before the court on Plaintiff Timothy Neher's renewed *pro se* application for temporary restraining order and motion for preliminary injunction to stay the execution of a writ of possession issued by the Butte County Superior Court. (Doc. No. 5.) The court did not find it appropriate to set the motion for a hearing pursuant to Local Rule 231(c). For the reasons explained below, the court will deny Plaintiff's application.

**BACKGROUND**

On February 10, 2025, the court denied Plaintiff's application for temporary restraining order for the following reasons.[1] (Doc. No. 4.) First, the court found Plaintiff's *ex parte*

---

[1] The court incorporates herein the background information and procedural history of this case as stated in the February 10, 2025 order denying Plaintiff's motion for a temporary restraining order. (Doc. No. 4.)

1

application procedurally deficient because Plaintiff did not establish he provided actual notice of his application to Defendants. (*Id*. at 4.) Second, the court found Plaintiff had not demonstrated that this court had subject matter jurisdiction based on federal question jurisdiction because Plaintiff did not allege Defendants, as private actors, had engaged in state action for purposes of his Fourteenth Amendment claim. (*Id*. at 5–6.) Third, the court found it lacked jurisdiction under the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and the Anti-Injunction Act, 28 U.S.C. § 2283. (*Id*. at 7–8.)

On February 11, 2025, Plaintiff filed a first amended complaint against Defendants Scott Davis and Terry Davis raising the following claims against them: (1) a claim under 42 U.S.C. § 1983 based on a violation of Fourteenth Amendment Due Process Rights; and (2) an "expanded violation of Fourteenth Amendment Due Process Rights." (Doc. No. 6.) Plaintiff also filed a renewed application for a temporary restraining order and a motion for preliminary injunction, again seeking an order to stay the execution of the writ of possession issued by the Butte County Superior Court in proceeding No. 24UD03432. (Doc. No. 5.)

In his renewed application for a temporary restraining order and motion for preliminary injunction, Plaintiff asserts he is likely to succeed on the merits of his claims because procedural defects in the state court unlawful detainer proceedings violated his Fourteenth Amendment procedural due process rights. (*Id*. at 5–6.) Plaintiff also argues this court has jurisdiction over this case because the abstention doctrines under *Younger v. Harris*, 401 U.S 37 (1971) and *Rooker-Feldman*[2] do not apply. (*Id*. at 6–8.)

## **LEGAL STANDARD**

The purpose of a restraining order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard for a temporary restraining order is "substantially identical" to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive

---

[2] The doctrine takes its name from *Rooker v. Fidelity Trusts Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor under *Winter* is the most important," to the extent the court need not consider the remaining three elements where a plaintiff fails to show a likelihood of success on the merits." *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (citations omitted).

Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1135).

**DISCUSSION**

The court is unable to grant the relief Plaintiff requests in his application for a temporary restraining order and motion for preliminary injunction for several reasons.

Under Federal Rule 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Similarly, this court's local rules require actual notice. Local Rule 231(a). Specifically, Local Rule 231(a) provides, in part:

> Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party, by telephone or other means, or a sufficient

3

|   |   |
|---|---|
| 1 | showing of efforts to provide notice. *See* Fed. R. Civ. P. 65(b). Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested. |

Plaintiff contends he provided notice of his *ex parte* motion to Defendants. (Doc. No. 5 at 12.) In support of his contention, Plaintiff attached a declaration to his application. (*Id.* at 11–13.) Therein, Plaintiff declares on February 10, 2025, at approximately 9:45 a.m., he provided notice to the "Respondents" and their counsel of his intent to file an amended complaint and second request for temporary restraining order. (*Id.* at 12.)

Additionally, Plaintiff attached to the pending application a certificate of service signed by non-party Wyatt Neher. (Doc. No. 5-2.) Wyatt Neher certifies he gave notice to "Respondents" on February 10, 2025, at approximately 9:20 a.m., that "we anticipated that [*sic*] would be filing and serving an amended complaint and second ex parte application for a TRO." (*Id*. at 1.) He further declares he served a copy of the ex parte application by mail to "Respondents" and their counsel by mail, fax, and by leaving a copy at their address.[3] (*Id*.)

In addition to the declaration attached to the pending application, Plaintiff attached a declaration to his first amended complaint regarding notice to Defendants. (Doc. No. 6 at 10.) In that declaration, Plaintiff states that on February 10, 2025, at approximately 9:45 a.m., he provided notice to Defendants and their counsel that he intended to file an amended complaint and a second request for a temporary restraining order if he identified any deficiencies in the prior complaint and request for a temporary restraining order. (*Id*.) Plaintiff further declares that at approximately 4:30 p.m., on February 10, 2025, he became aware of deficiencies in his initial filing and prepared an amended complaint and motion that he planned to file the next day. (*Id*.)

Plaintiff's declarations regarding notice are inconsistent. It remains unclear whether Defendants received actual notice of the pending application for a temporary restraining order and motion for preliminary injunction or were just informed that Plaintiff intended to file a second

---

[3] Plaintiff filed another declaration in support of his application for temporary restraining order on February 11, 2025. (Doc. No. 7.) However, Plaintiff did not sign the declaration. (*Id*.) Instead, the declaration was signed under penalty of perjury by Wyatt Neher. (*Id*.) The court did not consider that declaration for purposes of this application.

1  request for temporary restraining order only if he identified any deficiencies in his first
2  application. Additionally, Plaintiff does not provide sufficient details of how notice was provided
3  to Defendants as required by the local rules.
4      Further, the certificate of service from Wyatt Neher, a non-party in this action, is also
5  insufficient. While Wyatt Neher declares he provided a copy of the amended motion by mail, fax,
6  and personal delivery, he does not allege any Defendants received or have actual notice of the
7  pending application and motion. Courts regularly deny motions for temporary restraining orders
8  due to the movant's failure to comply with the stringent requirements of Rule 65(b)(1) and the
9  local rules, including motions brought by *pro se* plaintiffs. *Reno Air Racing Ass'n, Inc. v.*
10 *McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *see Tri-Valley CAREs v. U.S. Dep't of Energy*, 671
11 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with
12 local rules is well within a district court's discretion."). Accordingly, the court will deny
13 Plaintiff's motion as procedurally deficient.
14     Even if Plaintiff had comported with the procedural requirements of Rule 65(b)(1) and
15 this court's local rules, Plaintiff's application and motion must still be denied for lack of subject
16 matter jurisdiction. Like Plaintiff's original complaint, the named defendants are private actors
17 who he alleges violated his Fourteenth Amendment due process rights. (Doc. Nos. 1 at 2; 6 at at
18 5–6.) While Plaintiff identifies the appropriate statute for vindicating federal rights (42 U.S.C. §
19 1983) in his first amended complaint, that statute's purpose is to deter state actors, not private
20 parties, from depriving an individual of his federal rights. *Thorton v. City of St. Helens*, 425 F.3d
21 1158, 1164 (9th Cir. 2008) (citations omitted); *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir.
22 2000). "Individuals bringing actions against private parties for infringement of their constitutional
23 rights . . . must show that the private parties' infringement somehow constitutes state action."
24 *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations
25 omitted). Purely private conduct, no matter how wrongful, is not covered under § 1983. *Ouzts v.*
26 *Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974).
27     In his first amended complaint, Plaintiff alleges Defendants initiated an unlawful detainer
28 action against a non-existent entity, Vintage Steel Speed, LLC, and Jesse Neher depriving him of

5

1    proper notice and an opportunity to respond in violation of his due process rights.[4] (Doc. No. 6 at
2    5.) However, Plaintiff does not adequately allege a violation of any constitutional right. Rather, as
3    addressed in the court's February 10, 2025, order, a private party's pursuit of state court unlawful
4    detainer proceedings does not constitute state action. (*See* Doc. No. 4 at 5–6) (citing cases); *see*
5    *Duenas v. Freitas*, No. 13-cv-00836-SBA, 2013 WL 3298249, at *6 (N.D. Cal. Jun. 28, 2013)
6    (finding Deutsche Bank was a private entity that had not engaged in state action by simply
7    availing itself of state law procedures to recover possession of property it had foreclosed upon).
8    Accordingly, Plaintiff again fails to adequately allege this court has subject matter jurisdiction
9    based on federal question.[5] As a result, Plaintiff cannot show a likelihood of success on the merits
10   or that his motion raises serious questions on the merits of his claim. *See Ho'Okano v. Capitol*
11   *One Auto Fin., Inc.*, No. 09-cv-3282-MCE-GGH, 2009 WL 4510123, at *1 (E.D. Cal. Nov. 25,
12   2009) (denying motion for temporary restraining order where court lacked subject matter
13   jurisdiction over the action).
14        Finally, the court finds Plaintiff's arguments concerning the *Younger* and *Rooker-Feldman*
15   abstention doctrines to be unavailing. As the court does not possess subject-matter jurisdiction
16   over Plaintiff's complaint against private actors, the court need not consider whether *Younger*
17   and/or *Rooker-Feldman* applies. *Cf. Mora v. Black Horse Cap. Inc.*, No. 25-cv-00017-RBM-
18   AHG, 2025 WL 255459, at *4 (S.D. Cal. Jan. 21, 2025) (finding the court did not have subject-
19   matter jurisdiction under *Rooker-Feldman* despite plaintiff raising a federal question against state
20   actors); *Iula v. Voos*, No. 23-cv-02277-JLS-AHG, 2024 WL 171395, at *3, 7 (S.D. Jan. 16, 2024)
21   (addressing whether the court had subject-matter jurisdiction under *Rooker-Feldman* after
22   analyzing Plaintiff's federal claims related to the Fair Housing Act).

---

[4] Plaintiff does not explain his relationship to Jesse Neher.

[5] In addition to the lack of federal question jurisdiction, there is no diversity jurisdiction. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted § 1332(a) to require "complete diversity of citizen," each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, Plaintiff has not alleged that the parties are diverse.

Accordingly, for the reasons set forth above, the court will deny Plaintiff's second application for a temporary restraining order and motion for preliminary injunction. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a), the court will refer this matter to the assigned magistrate judge for further proceedings.

## CONCLUSION

For the reasons explained above,

1. Plaintiff Timothy Neher's application for a temporary restraining order and motion for preliminary injunction (Doc. No. 5) are DENIED; and

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **February 11, 2025**

Dena Coggins
United States District Judge