1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY NEHER,                            Case No. 2:25-cv-00482-DC-CSK

12                   Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   SCOTT DAVIS, et al.,

15                   Defendants.               (ECF Nos. 2, 6)

16   _____

17        Plaintiff Timothy Neher is representing himself in this action and seeks leave to

18   proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the

19   reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the

20   First Amended Complaint be dismissed without leave to amend.

21   **I.      MOTION TO PROCEED IN FORMA PAUPERIS**

22        28 U.S.C. § 1915(a) provides that the court may authorize the commencement,

23   prosecution or defense of any suit without prepayment of fees or security "by a person

24   who submits an affidavit stating the person is "unable to pay such fees or give security

25   therefor." This affidavit is to include, among other things, a statement of all assets the

26   person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

27   _____

28   [1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP application indicates he receives "sporadic[ally]" between $0 to $1,000 a month in pay/wages. ECF No. 2 at 1 ¶ 2. Plaintiff further avers he pays $1,800 a month for rent and $143 for utilities. *Id*. at 2 ¶ 6. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See generally* ECF No. 2. The Court, however, will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs*., 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the First Amended Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying

2

1  Plaintiff's IFP motion.

2  **II.    SCREENING REQUIREMENT**

3          Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

4  proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to

5  state a claim on which relief may be granted," or "seeks monetary relief against a

6  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

7  203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

8  arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In

9  reviewing a complaint under this standard, the court accepts as true the factual

10 allegations contained in the complaint, unless they are clearly baseless or fanciful, and

11 construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27;

12 *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.

13 2010), cert. denied, 564 U.S. 1037 (2011).

14         Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627

15 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*).

16 However, the court need not accept as true conclusory allegations, unreasonable

17 inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d

18 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does

19 not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007);

20 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

21         To state a claim on which relief may be granted, the plaintiff must allege enough

22 facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

23 claim has facial plausibility when the plaintiff pleads factual content that allows the court

24 to draw the reasonable inference that the defendant is liable for the misconduct alleged."

25 *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

26 complaint and an opportunity to amend unless the complaint's deficiencies could not be

27 cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

28 F.3d 336, 339 (9th Cir. 1996).

1    **III.   THE FIRST AMENDED COMPLAINT**

2          Plaintiff brings his First Amended Complaint against Defendants Scott Davis and

3    Terry Davis alleging the following two causes of action under 42 U.S.C. § 1983:

4    (1) Fourteenth Amendment due process violation; and (2) "Expanded" Fourteenth

5    Amendment due process violation. *See* FAC ¶¶ 1-18 (ECF No. 6). Plaintiff alleges an

6    unlawful detainer action was initiated in Butte County Superior Court against "a non-

7    existent entity, Vintage Steel Speed, LLC, rather than [Plaintiff], the lawful tenant of the

8    property." *Id*. ¶¶ 7-8. Plaintiff alleges the Butte County Superior Court issued a default

9    judgment and a writ of possession in favor of Defendants in Case No. 24UD03432 on

10   January 30, 2025. *Id*. ¶¶ 7, 9. Plaintiff alleges he attempted to intervene in the state court

11   action but was blocked in participating by the Butte County Superior Court when it

12   denied Plaintiff's ex parte application without a hearing. *Id*. ¶ 10. As a result, Plaintiff

13   alleges he was deprived of proper notice and an opportunity to respond, thereby

14   violating his procedural due process rights. *Id*. ¶¶ 14-16, 18. For relief, Plaintiff seeks

15   injunctive relief.[2] *Id*. at 8.

16   **IV.   DISCUSSION**

17          **A.   Subject Matter Jurisdiction**

18          The Court lacks subject matter jurisdiction over this action. Federal courts are

19   courts of limited jurisdiction and may hear only those cases authorized by federal law.

20   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold

21   inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary

22   appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir.

23   1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see*

24   *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380

25   (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case

26   ───────────────

27   [2]   Along with his initial complaint, Plaintiff filed a motion for temporary restraining order on February 7, 2025, which was denied by the district court on February 10, 2025. (ECF Nos. 3, 4.) Plaintiff filed a renewed motion for temporary restraining order on February 11, 2025, which was denied the same day. (ECF Nos. 5, 8.)

28

1  or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal

2  court's jurisdiction may be established in one of two ways: actions arising under federal

3  law or those between citizens of different states in which the alleged damages exceed

4  $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or

5  forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction

6  even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

7           The First Amended Complaint does not establish the Court's subject matter

8  jurisdiction. *See* FAC. Although the First Amended Complaint raises Fourteenth

9  Amendment violations pursuant to 42 U.S.C. § 1983, Plaintiff does not allege that the

10  Defendants, acting under color of state law, deprived Plaintiff of his constitutional rights.

11  *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Rather, Plaintiff's

12  First Amended Complaint centers on the state court's actions in the unlawful detainer

13  proceedings. *See generally* FAC. The First Amended Complaint is devoid of allegations

14  showing Defendants, as private parties, acted under color of state law. *See Price v.*

15  *State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("private parties are not generally

16  acting under color of state law, and we have stated that conclusionary allegations,

17  unsupported by facts, will be rejected as insufficient to state a claim under the Civil

18  Rights Act.") (internal quotation marks and citation omitted). It appears that Plaintiff

19  brings this action against Defendants based only on their involvement in bringing the

20  unlawful detainer action in state court. FAC ¶ 6 (Defendants "are individuals who initiated

21  the unlawful detainer action in the Superior Court of California, County of Butte.").

22  However, the Defendants' pursuit of an unlawful detainer action in state court cannot

23  form the basis of a constitutional violation pursuant to 42 U.S.C. § 1983 because no

24  state action is implicated by Defendants' conduct. *See Haw v. Washington Mut. Bank*,

25  2010 WL 728200, at *1 (E.D. Cal. Mar. 1, 2010) ("Use of the unlawful detainer process

26  standing alone does not transform acts by a private party into acts under color of law for

27  purposes of § 1983."); *see also Damian v. N. Neon Operations, LLC*, 2012 WL 1438705,

28  at *4 (N.D. Cal. Apr. 25, 2012) ("an unlawful detainer suit does not constitute state action

1   for purposes of Section 1983."); *Ohno v. Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013)

2   (finding private actors do not become state actors merely by engaging in litigation in

3   state court). Therefore, the First Amended Complaint provides no basis for federal

4   question jurisdiction.

5          The First Amended Complaint also fails to establish diversity jurisdiction. First,

6   Plaintiff does not satisfy the amount in controversy requirement because he does state

7   an amount in monetary damages for relief. *See generally* FAC. Second, Plaintiff also

8   does not establish complete diversity of citizenship. *See Morris v. Princess Cruises,*

9   *Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of

10  citizenship; each of the plaintiffs must be a citizen of a different state than each of the

11  defendants."). Plaintiff states he is a resident of Chico, California but does not allege the

12  citizenship of Defendants. *See* FAC ¶¶ 6-7; *see also Kanter v. Warner-Lambert Co*., 265

13  F.3d 853, 857 (9th Cir. 2001) ("a party seeking to invoke diversity jurisdiction should be

14  able to allege affirmatively the actual citizenship of the relevant parties.") Because there

15  is no diversity of citizenship established here, the Court finds that it also lacks subject

16  matter jurisdiction based on diversity jurisdiction. Therefore, the Court recommends this

17  action be dismissed without leave to amend because the Court lacks subject matter

18  jurisdiction over this action and amendment would be futile.

19          **B.    Federal Rule of Civil Procedure 8**

20          Plaintiff's First Amended Complaint also does not contain a short and plain

21  statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give

22  fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at

23  least some degree of particularity overt acts by specific defendants which support the

24  claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the First

25  Amended Complaint does not contain facts supporting any cognizable legal claim

26  against Defendants. The First Amended Complaint consists of vague and conclusory

27  allegations that fail to establish Plaintiff's causes of action. Because the First Amended

28  Complaint is unintelligible, granting leave to amend in this case would not be fruitful.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The First Amended Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C.    Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the First Amended Complaint is without merit and consists entirely of allegations with no basis in law. *See generally* FAC. The First Amended Complaint does not contain facts supporting any cognizable legal claim against Defendants. In light of the Court's lack of subject matter jurisdiction and the First Amended Complaint's deficiencies, granting leave to amend would be futile. The First Amended Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### V.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.    Plaintiff's First Amended Complaint (ECF No. 6) be DISMISSED without leave to amend; and

3.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14

1  days after service of the objections. Failure to file objections within the specified time

2  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

3  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

4

5  Dated:  May 20, 2025

6  _____

7  CHI SOO KIM
   UNITED STATES MAGISTRATE JUDGE

8  4, nehe0482.25

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28